UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

FARLEEK HOPKINS,

        Plaintiff,

   -v-                                                No.  14CV0600-LTS-JLC

UNION PRESIDENT NORMAN SEABROOK,
DEPARTMENT OF CORRECTIONS,

        Defendant.

-------------------------------------------------------x

MEMORANDUM ORDER

        Pro se plaintiff Farleek Hopkins ("Plaintiff") brings this action against Norman Seabrook ("Defendant"), President of the Correction Officers' Benevolent Association ("COBA"), pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendant deprived him of his civil rights by denying him "the fundamental right to swift justice," a claim the Court construes as one of denial of the constitutional right of access to the courts. Plaintiff claims that Defendant's action caused him emotional and mental distress. Defendant moves to dismiss this action, pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff failed to file an opposition to Defendant's motion, and thus, the Court has deemed the motion fully submitted.

        The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331. The Court has considered carefully the Defendant's submission and the Complaint. For the following reasons, the Court grants Defendant's motion.

BACKGROUND

Plaintiff, an inmate at the Anna M. Kross Center ("AMKC") on Rikers Island, alleges that, on November 18, 2013, COBA, the labor union for the New York City Department of Correction Officers prevented buses from traveling out of Rikers Island. (Compl., docket entry no. 2, at 4; docket entry no. 2-1, at 1.) On November 22, 2013, Plaintiff received a newspaper article from a fellow inmate that described the events that occurred on November 18, 2013. (Docket entry no. 2-1, at 1.) The article accused COBA of preventing buses from leaving Rikers Island as part of an attempt by correction officers to prevent an inmate from testifying against two correction officers. (Docket entry no. 2-1, at 6.) Plaintiff subsequently filed a grievance with AMKC, but had not received a response as of the time he initiated this lawsuit. (Docket entry no. 2-1, at 2.) Plaintiff alleges that Defendant "was aware of his actions," which rendered Plaintiff unable to attend his November 18, 2013, court appearances. (Id.) Plaintiff claims that such conduct was intentional and malicious, causing him emotional and mental distress. (Id.) Plaintiff requests that Defendant be discharged from his position as COBA's President and seeks monetary relief in the amount of $43 million. (Docket entry no. 2-1, at 3.)

DISCUSSION

In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "[the] Court must accept as true all allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." Matson v. Bd. of Educ. of City Sch. Dist. of New York, 631 F.3d 57, 63 (2d Cir. 2011) (citation omitted). However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citation

and quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Pro se complaints "must be 'liberally construed' in favor of the plaintiffs and held to 'less stringent standards than formal pleadings drafted by lawyers.'" Ferran v. Town of Nassau, 11 F.3d 21, 22 (2d Cir. 1993) (citing Hughes v. Rowe, 449 U.S. 5, 9 (1980) (per curiam)). Therefore, allegations in a pro se complaint "should be read to raise the strongest arguments that they suggest." Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) (internal citation and quotation marks omitted). However, "the pleadings must contain factual allegations sufficient to raise a right to relief above the speculative level." Dawkins v. Gonyea, 646 F. Supp. 2d 594, 603 (S.D.N.Y. 2009) (internal citation and quotation marks omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate two elements: (1) that the defendant acted under color of state law; and (2) that the defendant's actions deprived the plaintiff of a right guaranteed by the constitution or laws of the United States. Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991).

A plaintiff must first establish that the challenged conduct constitutes state action by alleging that he was injured by either a state actor or a private party acting under color of state law. Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 323 (2d Cir. 2002) (internal citation and quotation marks omitted).

Defendant argues that the Complaint fails to state a claim because he is not a state actor. Labor unions, such as COBA, and their officials are generally not state actors. Ciambriello, 292 F.3d at 323; see also Kern v. City of Rochester, 93 F.3d 38, 43 (2d Cir. 1996) (labor union representing public employees is not a state actor; as union's president, defendant

"performed functions solely for the benefit of the union, not for the benefit of the City"). Plaintiff has not alleged that Defendant was either a state actor or a private party acting under color of state law, only that he is COBA's President. (Compl. at 9.) Because Plaintiff has failed to allege any facts demonstrating that Defendant acted under color of state law, all claims against Defendant are dismissed.

Dismissal is warranted for the further reason that Plaintiff has failed to plead facts showing an actionable denial of his right of access to the courts. Although "prisoners have a constitutional right of access to the courts," see Bounds v. Smith, 430 U.S. 817, 821 (1977), to state a claim for denial of access to the courts, a plaintiff must allege that a defendant's actions prejudiced a plaintiff's ability to pursue a legal claim, Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003). Plaintiff claims that Defendant used his position of authority to deny Plaintiff the fundamental right to swift justice. (Compl. at 10.) However, "[m]ere delay . . . does not rise to the level of a constitutional violation." Davis, 320 F.3d at 352 (internal citation and quotation marks omitted). Plaintiff has not alleged any facts demonstrating that his legal rights were prejudiced. For these reasons, Plaintiff's claim is substantively insufficient.[1]

---

[1] To the extent that Plaintiff argues that Defendant violated the Universal Declaration of Human Rights, the Court finds that there is no valid cause of action, as the Declaration is not binding on the United States. See, e.g., Flores v. S. Peru Copper Corp., 414 F.3d 233, 262 (2d Cir. 2003). Moreover, and as noted above, the Complaint fails to show that Defendant was acting in a governmental capacity or under color of governmental authority.

CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) is granted as to each of Plaintiff's claims. This Memorandum Order resolves docket entry number 2.  The Clerk of Court is respectfully requested to enter judgment dismissing the complaint and close the case.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith.  Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: New York, New York
       February 18, 2015

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

Copy mailed to:
Mr. Farleek Hopkins
116-31 142 Street
Jamaica, NY 11436